

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Paul E. Budlow*<br>*Assistant United States Attorney*<br>*Paul.E.Budlow@usdoj.gov* | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4917*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091* |

September 17, 2015

Scott Carter-Eldred, Esq.
Office of the Federal Public Defender
100 South Charles Street
Tower II, Suite 1100
Baltimore, Maryland 21201

     Re:    United States v. William Ray Wagner
             Criminal #: GLR-15-0260



Dear Mr. Carter-Eldred:

     This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by Friday, September 25, 2015 at 5:00 p.m., it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

     1.    The Defendant agrees to plead guilty to the Indictment now pending against him, charging him with Use of Interstate Facilities to Coerce a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

     2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

         a.    That on or about September 22, 2014 through October 13, 2014, the defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity, or attempted to do so;

        b.      That the defendant believed that such individual was less than eighteen (18) years of age; and

        c.      That the Defendant could have been charged with a criminal offense for engaging in the specified sexual activity.

## Penalties

3.    (a) The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is as follows: life imprisonment followed by a term of supervised release of not less than five years and not more than life, and a fine of $250,000. There is a mandatory minimum sentence of imprisonment of ten years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

    (b)    The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.    If the Defendant had persisted in a plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

      a.      Pursuant to U.S.S.G. § 2G1.3(a)(3), the base offense level is **28**.

      b.      Pursuant to U.S.S.G. § 2G1.3(b)(3), the base offense level is increased by two levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct. **(Subtotal: 30)**.

      c.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

7.      Thus, the final anticipated offense level is **27**.

8.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.      This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11(c)(1)(C) Plea

10.     The parties stipulate and agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following sentence is the appropriate disposition of this case: a sentence of one hundred twenty (120) months of incarceration and supervised release for life. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the

opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

### Obligations of the United States Attorney's Office

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Restitution

12. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Collection of Financial Obligations

13. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

14. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

15. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Forfeiture

16.     Your client agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his person on October 13, 2014. He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to: an Alcatel Cell Phone, model: OT871AG, s/n: HTJE53AHQNWGJ35, containing a Kingmax 2GB Micro SD card.

### Waiver of Appeal

17.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence in imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

   e.     The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

### Obstruction or Other Violations of Law

18.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal

responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) files a motion to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

19.     The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

20.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

7

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5/2/16
Date

William Ray Wagner

I am William Ray Wagner's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5/2/16
Date

~~Scott Carter~~ Eldred, Esq.
Andrew R. Szekely

8

## Attachment A

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

William Ray Wagner ("Wagner"), age 33, is a resident of Harford County, Maryland. As detailed below, Wagner used his cell phone to attempt to coerce a minor to engage in sexual activity.

In the fall of 2014, Wagner was communicating on Facebook with a user identified herein as Jane Doe that Wagner believed was a 14 year old female. Jane Doe was actually an undercover Harford County Detective who had been communicating with Wagner off and on since 2013. In October 2014, Wagner believed that Jane Doe was a 14 year old female who lived with her parents.

Wagner was convicted of unlawful contact with a minor in 2009, and as a result, was required to register as a sex offender in Maryland. In April 2014, Wagner was arrested in Harford County and charged with failure to register as a sex offender. The trial was scheduled in the Circuit Court for Harford County for October 20, 2014.

In early October 2014, as the trial approached, Wagner's communication with Jane Doe increased, and Wagner attempted to meet Jane Doe to engage in sexual activity. During the messages, Wagner initiated graphic discussions about sex, and ultimately arranged to meet Jane Doe at the McDonald's in Bel Air, Maryland on October 13, 2014. The stated purpose of the meeting was to walk to a nearby trail and engage in sexual activity.

Using a computer connected to the internet to communicate with Jane Doe, Wagner sent the following messages:

| | | |
|---|---|---|
| 10/6/14: | Wagner: | *u know what i had a idea... i wanna come see u before i go to court this month ...* |

***

*i will probably be in jail and i was going to come see u like a couple of days before i go to court but its cool*

| | | |
|---|---|---|
| 10/7/14: | Wagner: | *just dont have alot of ppl i call my friend and just figured u would want to see me just in case i do go to jail* |

***

1

       *lol wish i could say more but im not putting anything on this com that could get me into trouble*

During the conversation on October 7, 2014, Wager stated that he knew Jane Doe was 14 years old, and that he was born in 1982.

| | | |
|---|---|---|
| 10/8/14: | *Wagner:* | *do u shave?* |
| | *Jane Doe:* | *? imma girl* |
| | *Wagner:* | *i know that i mean downtown lol* |
| | *Jane Doe:* | *i just jokin yea i do* |
| | *Wagner:* | *good lol* |
| | *Jane Doe:* | *what if i didnt* |
| | *Wagner:* | *i dont like hair gets in the way of my tongue lol* |
| | *Jane Doe:* | *o my* |
| | *Wagner:* | *yup lol. have u ever had that done?* |
| | *Jane Doe:* | *no* |
| 10/8/14: | *Wagner:* | *"...at library being bored and talking to u...". "...like i said not on here i shouldnt even of said what i did yesterday..., um bc i could get into alot of trouble."* |

            ****

| | | |
|---|---|---|
| | *Wagner:* | *after we eat is there some where we could go to be alone?* |
| | *Jane Doe:* | *one of my friends said she went with a guy to a sears changing room* |
| | *Wagner:* | *to risky is there like a trail or something near there* |
| | *Jane Doe:* | *theres the ma and pa trail but it s pretty busy* |
| | *Wagner:* | *im sure we could find a spot that isnt busy. U sure u r ready for this lol* |
| | *Jane Doe:* | *...i dont know... how far did you want to do* |
| | *Wagner:* | *idk its up to u* |
| | *Jane Doe:* | *i don't think i can go all the way* |
| | *Wagner:* | *well its up to u but y not* |

            * * *

| | | |
|---|---|---|
| | *Jane Doe:* | *im to small and its gonna hurt* |
| | *Wagner:* | *it only hurts for a min or two then its all pleasure but like i said its up to u babe* |
| | *Jane Doe:* | *will you be mad if i dont* |
| | *Wagner:* | *no i wont but i would like to atleast try it* |

            * * *

|  |  |  |
|---|---|---|
|  | Jane Doe: | would you wear a condom |
|  | Wagner: | of course unless u dont want me to |

\* \* \*

|  |  |  |
|---|---|---|
|  | Wagner: | wait and see ur going to have the best day f ur life i promise... i got u a present already |
| 10/9/14: | Wagner: | im just worried |
|  | Jane Doe: | why |
|  | Wagner: | bc idk what im walking into |
|  | Jane Doe: | i dont understand |

\*\*\*

Wagner:   u could be a cop lol

\*\*\*

sorry babe just do u understand

\*\*\*

what will happen to me if I get caught

\*\*\*

years in jail

\*\*\*

bc ur underage"

\*\*\*

|  |  |  |
|---|---|---|
|  | Wagner: | so have u even touched a dick before lol |
|  | Jane Doe: | not really |
|  | Wagner: | have u ever been fingered |
|  | Jane Doe: | a little |
|  | Wagner: | can I come make love to u know please lol |

\* \* \*

Wagner:   I cant wait to slowly kiss down ur whole body and get my first taste of ur sweet pussy mmmm

3

*  *  *

*Wagner:      will u suck my dick for me baby*

On October 13, 2014, Wagner arrived at the agreed upon meeting location, Wagner was arrested. Wagner was carrying a blanket and had two condoms in his right pants pocket. Wagner later voluntarily agreed to be interviewed after being advised of, and waiving, his rights per Miranda. During the interview, Wagner admitted to all of the above described conduct regarding Jane Doe, and he stated that he believed that he had been communicating with a 14 year old female.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case

_____
William Ray Wagner

I am Mr. Wagner's attorney. I have carefully reviewed the statement of facts with him.

~~Scott Carter-Eldred~~, Esquire Andrew R. Szekely
Counsel for William Ray Wagner

4